UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                               Case No. 08-10591

William Coleman and Delores Coleman,     Honorable Sean F. Cox

    Defendants.
_____/

## OPINION GRANTING
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, the United States ("the Government"), filed this action against Defendants to obtain a judgment against William Coleman for unpaid federal income taxes, and to establish the validity of its liens on real estate that appears to be owned by both Defendants so that it can then foreclose on the property. The matter is currently before the Court on the Government's Motion for Partial Summary Judgment. The Government seeks a judgment that William Coleman is liable for unpaid federal income taxes, penalties, and interest for the tax years 1991 through 1995. Defendants did not file a response to the motion. For the reasons below, the Court shall GRANT the unopposed motion.

### BACKGROUND

The Government filed this action against Defendants William Coleman and Dolores Coleman on February 11, 2008, seeking to:

> (a) collect from the defendant, William Coleman, an outstanding unpaid liability for federal internal revenue taxes, plus statutory accruals; (b) establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property of the defendant-taxpayer William Coleman; (c) foreclose

> the liens of the United States upon the property and rights to property of the defendant-taxpayer William Coleman in the real estate known as 6184 East Belford, Holly, Michigan 48442 (hereinafter "6184 East Belford"); (d) determine the respective interests of the defendants in 6184 East Belford and the relative priority and amount or percentage of distribution that each defendant and the United States shall receive from the proceeds of a Court-ordered sale of said property; and (e) permit a judicial sale of 6184 East Belford . . .

(Compl. at 1).

The Complaint alleges that on various dates, a delegate of the Secretary of the Treasury made assessments totaling $526,072.12 against William Coleman for unpaid federal income taxes for the tax years 1991, 1992, 1993, 1994, and 1995. (Compl. at ¶ 4). It further alleges that the Government gave notice of each assessment to William Coleman, along with demands for payment. (Compl. at ¶ 5). The Complaint alleges that William Coleman has failed to pay the assessments and that he remains indebted to the Government "in the amount of $526,072.12 through February 18, 2008, plus such additional amounts as may have accrued and may continue to accrue as provided by law." (Compl. at ¶ 6).

The Complaint further alleges that the Government has a lien, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all of the property of William Coleman, and that the Internal Revenue Service recorded tax liens in Oakland County. The Government alleges that William Coleman holds a property interest in 6184 East Belford. (Compl. at ¶¶ 7-9).

Delores Coleman was named as a defendant in this action because she may claim an interest in the property the Government seeks to foreclose (*i.e.*, 6184 East Belford). (Compl. at ¶ 3).

The Scheduling Order in this action provides that: 1) discovery closed on November 18, 2008; and 2) motions were to be filed by December 19, 2008.

On December 19, 2008, the Government filed this Motion for Partial Summary Judgment (Docket Entry No. 13). On January 28, 2009, this Court sent written notice to the parties advising that the Government had filed the motion and scheduling the motion to be heard by the Court on April 30, 2009 (Docket Entry No. 14).

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Thus, if Defendants oppose the Government's motion seeking partial summary judgment, Defendants were required to file a brief in opposition to same within 21 days of service of the motion. Although the time permitted under Local Rule 7.1 for filing a response to the pending motions passed, no brief in opposition to the pending motion was filed by Defendants.

Accordingly, this Court issued a Show Cause that required Defendants to show cause, in writing, no later than April 6, 2009, why the unopposed pending Motion for Partial Summary Judgment filed by the Government should not be granted. (Docket Entry No. 15). Defendants failed to respond to the Show Cause Order.

In its Motion for Partial Summary Judgment, the Government contends that "judgment as a matter of law should be entered in favor of the United States, in the total amount of $551,925.22, plus interest and other statutory additions accruing from December 15, 2008." (Def.'s Br. at 7). The Government states that it is undisputed that the federal income tax assessments were made against Mr. Coleman and have gone unpaid. It further asserts that the burden is on Mr. Coleman to prove that he is not liable for the unpaid balance of the tax debts,

3

and that he cannot meet that burden here.

The Government explains that it filed a Motion for Partial Summary Judgment because it is not seeking summary judgment as to the requested foreclosure at this time:

> This motion is one for partial summary judgment because the United States does not seek summary judgment on the foreclosure count at this time. Although the defendants claim that they own the subject property, a title search with respect to the property on which the United States seeks to foreclose its tax liens, does not show a record-title holder of the property. Accordingly, the United States needs to obtain further information in order to ensure that all interested parties have been named to the foreclosure action, and to allow for a successful sale of the property at issue. To that end, the United States will submit a motion to reopen discovery with regard to the foreclosure count.

(Def.'s Br. at 1).

## ANALYSIS

In support of its motion, the Government has presented certificates of assessment and payment for the tax years 1991 (Ex. 1 to Def.'s Br.); 1992 (Ex. 2); 1993 (Ex. 3); 1994 (Ex. 4); and 1995 (Ex. 5) to establish the amount of taxes, interest, and penalties owed by Defendant William Coleman.[1]

"Certificates of assessment are presumptively correct and enable the government to establish a prima facie case of tax liability." *United States v. Noble*, 3 Fed. Appx. 331, 334 (6th Cir. 2001) (citing *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992); *United States v. Walton*, 909 F.2d 915, 918-19 (6th Cir. 1990)). The burden is then on the taxpayer to provide evidence to the contrary. *Noble, supra; Walton, supra*, at 918-19.

Here, however, Defendant William Coleman has not responded in opposition to the

---

[1] The Government also submitted the Declaration of Internal Revenue Service Officer Melissa Echols.

Government's Motion for Partial Summary Judgment. Thus, he has not provided any evidence to dispute the amount claimed by the Government.

## CONCLUSION

Accordingly, the Court shall grant the Government's Motion for Partial Summary Judgment.

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: May 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 21, 2009, by electronic and/or ordinary mail.

                                                S/Jennifer Hernandez
                                                Case Manager